**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Keith Vincent Brown, Appellant.

Appellate Case No. 2023-000511

─────────────

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

─────────────

Unpublished Opinion No. 2025-UP-067
Submitted February 1, 2025 – Filed February 26, 2025

─────────────

**AFFIRMED**

─────────────

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Special Assistant Attorney General Amie L. Clifford, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

─────────────

**PER CURIAM:** Keith Vincent Brown appeals his convictions for first-degree burglary and petit larceny and respective sentences of life imprisonment without the possibility of parole and ten years' imprisonment. On appeal, Brown argues the

trial court erred in denying his motion to suppress evidence found pursuant to a stop because police did not have reasonable suspicion to stop him. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in denying the motion to suppress because the totality of the circumstances showed police had reasonable suspicion to stop Brown. Police observed Brown, who fit the description of a black male wearing dark clothing, walking a short distance from the burglarized home twelve minutes after the 911 call about the burglary, at nighttime in a rural area that had minimal foot traffic. *See State v. Frasier*, 437 S.C. 625, 633-34, 879 S.E.2d 762, 766 (2022) ("[A]ppellate review of a motion to suppress based on the Fourth Amendment involves a two-step analysis . . . . [The appellate court] review[s] the trial court's factual findings for any evidentiary support, but the ultimate legal conclusion— . . . whether reasonable suspicion exists—is a question of law subject to de novo review."); U.S. CONST. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."); *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975) ("The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest."); *State v. Williams*, 417 S.C. 209, 222, 789 S.E.2d 582, 589 (Ct. App. 2016) (holding law enforcement may stop a person for investigative purposes when the stop is supported by reasonable suspicion); *United States v. Cortez*, 449 U.S. 411, 418 (1981) (explaining reasonable suspicion requires a "particularized and objective basis for suspecting the particular person stopped of criminal activity"); *Williams*, 417 S.C. at 222, 789 S.E.2d at 589 ("In determining whether reasonable suspicion exists, 'the totality of the circumstances—the whole picture—' must be considered." (quoting *Cortez*, 449 U.S. at 411)); *United States v. Arvizu*, 534 U.S. 266, 273 (2002) ("This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available . . . .").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.